IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER B. KOMIS,

    Plaintiff,

v.                                                       No. 18-CV-860-WJ-KK

DRURY HOTELS COMPANY, LLC,
a Nevada Limited Liability Company, and
DRURY COLORADO SPRINGS, LLC,
a Missouri Limited Liability Company,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' OPPOSED MOTION TO TRANSFER VENUE OF THIS CASE TO THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLORADO PURSUANT TO SECTION U.S.C. 1391 AND SECTION 28 U.S.C. 1404 (Doc. 23)

**THIS MATTER** comes before the Court on Defendants' Opposed Motion to Transfer Venue of this Case to the U.S. District Court for the District of Colorado Pursuant to Section 28 U.S.C. 1391 and Section 28 U.S.C. 1404. **[Doc. 23, filed February 11, 2019]**. Upon reviewing the parties' pleadings and the applicable law, the motion is **GRANTED**.

### BACKGROUND

Plaintiff Peter B. Komis filed suit seeking damages for alleged physical injuries, mental distress, and financial losses that Plaintiff alleges were caused by a fall at the Drury Colorado Springs Hotel in Colorado Springs, Colorado, on or about June 29th, 2016. Plaintiff then returned to New Mexico to treat his injuries.

Plaintiff initially filed suit in New Mexico state court. The case was then removed to this Court under diversity jurisdiction because Plaintiff is a citizen of New Mexico, and Defendants

1

are citizens of Nevada and Missouri, and the matter in controversy exceeds $75,000 as stipulated by the parties.

Although unclear, the Court understands Defendants to present the following argument in their motion: pursuant to 28 U.S.C. § 1391(b), Plaintiff should not have filed in the District of New Mexico, the case should be dismissed and transferred to the District of Colorado pursuant to 28 U.S.C. § 1404(a).

The Court notes that it must first determine whether this District is the proper venue under Section 1391(b), and if it is, then the Court must determine whether the case can be transferred pursuant to Section 1404(a). If this District is not the proper venue, the Court may dismiss the case or transfer the case, as discussed below.

## DISCUSSION

**I. The District of New Mexico as the Venue**

Section 1391(b) provides:

A civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If either of these inquiries are met, then the District of New Mexico is a proper venue.

It is clear that Defendants are not New Mexico residents. Defendant Drury Hotels Company, LLC is a limited liability company from Nevada, while Drury Colorado Springs, LLC

is a limited liability company from Missouri. Therefore, the first inquiry of Section 1391(b) is not met.

Next, this Court must determine whether the District of New Mexico is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Under this inquiry, the Court must determine "whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim." *Crowe & Dunlevy, P.C. v. Stidham,* 609 F.Supp.2d 1211, 1221 (N.D.Okla.2009) (citing *Multi–Media Int'l, LLC v. Promag Retail Serv.,* 343 F.Supp.2d 1024, 1033 (D.Kan.2004)). "The substantiality requirement of [this section] is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no relationship to the dispute." *Whiting v. Hogan*, 855 F.Supp.2d 1266, 1284 (D.N.M. 2012). Although the Plaintiff asserts that he incurred medical expenses in New Mexico, medical expenses are the damages suffered and do not constitute a substantial part of the events giving rise to the claim. *See id.* (finding that medical expenses were not enough to meet substantiality requirement); *see also Hanyuan Dong v. Garcia,* 553 F.Supp.2d 962, 965 (N.D.Ill.2008) ("The fact that [the plaintiff] alleges to have suffered from his injuries after returning to Illinois does not constitute 'a substantial part of the events or omissions giving rise to the claim.'"). Here, the injury arose in Colorado as Plaintiff was staying at Defendants' hotel in Colorado, and the injury occurred at Defendants' hotel in Colorado. Therefore, a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

Finally, this case does not fall within Section 1391(b)(3)'s catch-all provision because the District of Colorado would be a proper venue under Section 1391(b)(2). *See Hogan*, 855 F.Supp.2d

3

at 1284 (finding that catch-all provision did not apply because other district was proper venue under Section 1391(b)(2)).

Accordingly, this case should not have been filed in this District. The Court will next determine whether it should dismiss or transfer the case.

II. **The Court will Transfer the Case to the United States District Court for the District of Colorado**

Under 28 U.S.C. § 1406, a district court may cure a venue defect by dismissing the case, or, if it is in the interest of justice, by transferring the case to "any district or division in which it could have been brought." Similarly, under 28 U.S.C. § 1631, to cure want of jurisdiction a court "shall, in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time the action was originally filed or noticed[.]" Generally, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice defeating.'" 17 J. Moore, *Moore's Federal Practice,* § 111.34, at 111–165 (quoting *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)). Accordingly, the Court finds that in the interest of justice, this case shall be transferred to the District of Colorado.

Both parties have expended some time analyzing the factors set forth under *Chrysler* to argue their respective positions about what court is the proper venue. The analysis is not only unnecessary, but is not appropriate under the circumstances of this case.

As mentioned above, Section 1404(a) should be utilized when two district courts can exercise jurisdiction over a case pursuant to Section 1391(b). Here, Section 1404(a) is not the proper mechanism to transfer this case because this Court never had jurisdiction pursuant to Section 1391(b). *See e.g. Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) ("§ 1404(a) does not allow a court to transfer a suit to a district which lacks

4

personal jurisdiction over the defendants, even if they consent to suit there[,]"). As a result, if one of the district courts does not have jurisdiction, the case cannot be transferred pursuant to Section 1404(a). *See also Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, No. CV 12-01110 MV/KK, 2014 WL 12635757, at *3 (D.N.M. Sept. 26, 2014) (first analyzing whether action could have been brought to District of Colorado pursuant to Section 1391(b) prior to analyzing Section 1404(a)). This is the situation here: this Court does not have jurisdiction over the matter pursuant to Section 1391(b), and thus analysis under §1404(a) and the *Chrysler* factors need not be addressed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Opposed Motion to Transfer Venue of this Case to the U.S. District Court for the District of Colorado Pursuant to Section 28 U.S.C. 1391 and Section 28 U.S.C. 1404, [Doc. 23], is **GRANTED**.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall take the necessary actions to transfer this case to the United States District Court for the District of Colorado.

_____
CHIEF UNITED STATES DISTRICT JUDGE